UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO. 15-CV-24339-KING/TORRES

ANGELA SAMPSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## PLAINTIFF'S RULE 26(a)(2)(B) DISCLOSURE FOR EXPERT MARK HARRINGTON, D.C.

I.    OPINIONS, BASES, AND REASONS.

I am a chiropractic physician who provided care to Angela Sampson for injuries caused by a slipping incident on a cruise ship on October 24, 2014. I participated in and oversaw her chiropractic treatment and therapy at Shenandoah Chiropractic Center.

My opinions are within a reasonable degree of medical/chiropractic certainty. It is more likely than not the slipping incident of October 24, 2014 caused Ms. Sampson:

1) injury and pain in her left shoulder, neck and back;
2) the need for diagnostic testing of her injuries (x-rays, MRIs, and CTs);
3) the need for chiropractic treatment of her injuries;
4) the need for referral to additional healthcare providers (pain management and orthopedic surgeons);
5) to incur reasonable, necessary, and related medical bills for the evaluation, diagnosis, chiropractic treatment, and pain management for her injuries;
6) a permanent impairment of 6% to the body as a whole (3% lumbar spine and 3% cervical spine).

I interviewed, examined, evaluated and provided chiropractic treatment to Ms. Sampson from October 25, 2014 to May 30, 2015. My treatment consisted of taking a detailed medical and social history from Ms. Sampson, conducting numerous physical examinations, observing her subjective and objective responses to her treatment and reviewing diagnostic tests (x-rays, MRIs, and CTs). My review of Ms. Sampson's history, clinical presentation, the facts and data listed in section II below, and my clinical correlation of that information support my conclusions

and opinions stated in this report and my attached records. Ms. Sampson's physical complaints are consistent with the objective findings of her injuries. She came to my office the day following the slipping incident and my findings that day were consistent with her complaints. There was no other likely cause of her complaints and pain between the date of the incident and the day I evaluated her.

The charges made by Shenandoah Chiropractic Center for Ms. Sampson's chiropractic treatment, therapy, and therapeutic medical treatment (described above and in the attached records) were the facility's customary charges for those services at the time they were rendered and were reasonable and customary in the community. The services and things provided and charged for were necessary for the proper treatment of Ms. Sampson's complaints. My records related to my treatment of Ms. Sampson are attached and I incorporate their contents as a further explanation of my opinions and the reasons for them by reference. I also attached the records identified in section II below. They also further support my opinions and explain the reasons for them.

II.   FACTS OR DATA CONSIDERED IN FORMING OPINIONS.

   MRI of cervical spine dated 4/30/15 from Radiology Consultants of Hollywood
   MRI of left shoulder dated 4/27/15 from Radiology Consultants of Hollywood
   MRI of thoracic spine dated 3/14/15 from Radiology Consultants of Hollywood
   MRI of lumbar spine dated 10/27/14 from Radiology Consultants of Hollywood
   Ms. Sampson's medical history
   Ms. Sampson's social history
   Ms. Sampson's complaints during her treatment
   Ms. Sampson's clinical presentation during her treatment
   My experience as a chiropractic physician treating injured persons

III.  EXHIBITS USED TO SUMMARIZE OR SUPPORT OPINIONS.

   MRI of cervical spine dated 4/30/15 from Radiology Consultants of Hollywood
   MRI of left shoulder dated 4/27/15 from Radiology Consultants of Hollywood
   MRI of thoracic spine dated 3/14/15 from Radiology Consultants of Hollywood
   MRI of lumbar spine dated 10/27/14 from Radiology Consultants of Hollywood
   Models of body parts discussed in this report and attached records
   Exemplars of medical equipment discussed in this report and attached records

IV.   WITNESS' QUALIFICATIONS AND PUBLICATIONS.

   See attached CV.

V.    PRIOR TESTIMONY.

   I have not testified in Federal Court.

VI.   COMPENSATION PAID IN THIS CASE.

2

To date, Shenandoah Chiropractic Center, has charged approximately $5,543.00 for services related to the chiropractic treatment and therapy of Ms. Sampson. My charge for testimony is $350.00 per hour.

By: _____  
Mark Harrington, DC

Date: 8-4-16

LAWLOR WHITE & MURPHEY, LLP  
**Counsel for Plaintiff**  
2211 Davie Blvd.  
Ft. Lauderdale, FL 33312  
954-525-2345  
954-730-8908 fax  
bmurphey@lwmlegal.com  
aosio@lwmlegal.com

By: /s/ Ben Murphey, Esq. (25489)

My signature above certifies I served this by email on August 4, 2016 to:

Valentina Tejera, Esq. (536946)  
CARNIVAL CRUISE LINE  
**Counsel for Defendant**  
3655 NW 87 Ave.  
Miami, FL 33178  
305-599-2600 *67556  
305-406-4732  
vtejera@carnival.com

3