UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24339-Civ-KING/TORRES

ANGELA SAMPSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE**

This matter is before the Court on Carnival Corporation's ("Defendant") Motion in Limine ("Motion") against Angela Sampson ("Plaintiff"). [D.E. 25]. Having reviewed the Motion, Response, Reply, and relevant authority, Defendant's Motion is **GRANTED**.

*I.     ANALYSIS*

On October 3, 2016, Defendant filed its Motion to exclude any evidence and/or references to the parties' economic standing, including references to evidence of Carnival being a publicly traded entity. The reason for Defendant's Motion is concern that any evidence and/or references will be offered for the sole purpose of unfairly prejudicing the jury into being sympathetic towards Plaintiff. *See, e.g.*, *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) ("The general rule is that, during trial, 'no reference should be made to the wealth or poverty of a

1

party, nor should the financial status of one party be contrasted with the other's.' The erroneous admission of such evidence can constitute reversible error.") (citations omitted). Because Defendant seeks to prevent Plaintiff from appealing to the sympathy of jurors through references to the wealth of Defendant, Carnival requests that this Court instruct Plaintiff, her counsel, and witnesses to not make any references to the jury – whether directly or indirectly – about the financial conditions of the parties.

In her Response, Plaintiff articulated in three short sentences that she sent a proposed order to Defendant granting its Motion. Plaintiff contends that she has not received a response from Defendant regarding the proposed agreed order. Nonetheless, Plaintiff agrees not to make any comparison between the parties' financial conditions at trial.

Defendant takes partial issue with Plaintiff's Response in its Reply brief on the basis that a dispute remains in regards to the language of their agreement. The language in Defendant's proposed order would exclude *both* document and testimonial evidence in addition to argument of counsel whereas Plaintiff's proposed language is limited to oral testimony or argument of counsel. However, the parties have agreed that neither party shall make reference to the fact that Defendant's Motion seeking such relief was filed or considered by the Court. Because the Court finds that there is justifiable concern that a jury may be prejudiced by any inferences of documentary or testimonial evidence, Defendant's Motion is **GRANTED**.

## II.     CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion in Limine [D.E. 25] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of December, 2016

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge